UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00713-RJC

| BRITTNEY SHAW, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary Judgment. (DEs 13, 15). Having fully considered the written arguments, administrative record, and applicable authority, the Court grants Plaintiff's Motion for Summary Judgment and remands this matter for further proceedings consistent with this Order.

## I. BACKGROUND

Plaintiff Brittany Shaw ("Shaw") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of her social security claim. Shaw filed her application for disability insurance benefits on February 26, 2019, with an alleged onset date of October 1, 2012. (Tr.[1] 10).

In denying Shaw's social security claim, the ALJ conducted a five-step sequential evaluation. (Tr. 10–19). At step one, the ALJ found that Shaw had not engaged in substantial gainful activity since the application date. (*Id.* at 12). At step two, the ALJ found that Shaw had the following combination of severe impairments: rheumatoid arthritis ("RA"), lupus, Turner's

---

[1] Citations to "Tr." throughout the Order refer to the administrative record.

Syndrome/thyroid disorder, fibromyalgia, and asthma. (*Id.*). The ALJ also found that Shaw had the following non-severe impairment: mild depressive disorder. (*Id.*). At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (*Id.* at 13). Before moving to step four, the ALJ found that Shaw had the residual functional capacity ("RFC") to perform light work as explained below:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except frequent, but not constant pushing and pulling in the upper and lower extremities; frequent, but not constant reaching, handling, fingering. She must avoid concentrated exposure to extreme heat, humidity, hazards; fumes, odors, dusts, gases.

(*Id.* at 14). At step four, the ALJ found that Shaw could not perform any past relevant work but found at step five that Shaw could perform jobs that exist in significant numbers in the national economy. (*Id.* at 17–18).

After exhausting her administrative remedies, Shaw brought the instant action for review of Defendant's decision denying her application for disability insurance benefits under Title II of the Social Security Act. (DE 1).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

2

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III.    DISCUSSION OF CLAIM

Shaw raises four challenges: (1) the ALJ misevaluated Shaw's limitations from RA when assessing the RFC, (2) the ALJ misevaluated the medical opinion of treating physician Dr. Brendese, (3) the ALJ improperly evaluated listing 14.09B at step three of the analysis, and (4) the structure of the Social Security Administration is constitutionally invalid. The Court grants remand based on Shaw's third challenge.

A necessary predicate to engaging in substantial evidence review is a record of the basis

3

for the ALJ's ruling. *See Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir.1984). At step three, this requires the ALJ to explain why the record evidence does not meet a relevant listing. *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). When the ALJ's decision is "devoid of reasoning" or where the ALJ "summarily concluded that [claimant's] impairment did not meet or equal a listed impairment" with no explanation, the Fourth Circuit has held that remand is appropriate. *Id.* This is because the "insufficient legal analysis makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." *Id.* (citing *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir.1986)). The Fourth Circuit has also held that a "full explanation by the ALJ is particularly important [when claimant's] medical record includes a fair amount of evidence supportive of his claim." *Radford*, 734 F.3d at 295 (citing *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir.1987)). For example, in a case where there is medical evidence the claimant suffered from arthritis and experienced pain and swelling in her joints, remand is appropriate when the ALJ fails to explain whether a listing is satisfied. *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) ("The ALJ should have identified the relevant listed impairments. He should then have compared each of the listed criteria to the evidence of Cook's symptoms. Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination.").

Here, the ALJ failed to explain how the medical record evidence, which is quite substantial and includes over 3,000 pages, failed to meet a listed condition. The entirety of the ALJ's analysis at step three is as follows:

> A review of the available record reveals no evidence to support a conclusion that the claimant's impairments meet or medically equal any applicable listing, including 3.03 Asthma, 14.02 Systemic lupus erythematosus, 14.09 Inflammatory arthritis.

(Tr. 13). Moreover, the lack of explanation at step three is not a harmless error.

4

Listing 14.09B for inflammatory arthritis is satisfied when the claimant displays inflammation or deformity in one or more major joints of an upper or lower extremity with (1) involvement of two or more organs/body systems with one of the organs/body systems involved to at least a moderate level of severity and (2) at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss). 20 C.F.R. Pt. 404, Subpt. P, App'x I § 14.09B. The record contains evidence that tends to show Shaw suffered from arthritis with inflammation in several major joints of her musculoskeletal system to at least a moderate degree of severity (hands, wrists, knees, ankles, feet, shoulders) characterized by joint pain as well as tenderness and swelling as listed on physical exams from her rheumatologist and emergency room providers.[2] The medical evidence also tends to show involvement of Shaw's integumentary system (skin) with rashes and photosensitivity[3] as well as constitutional signs of symptoms including fatigue[4], malaise[5], and fever.[6] While it is not this Court's duty to weigh the evidence, given the depth of the medical record, the ALJ's failure to explain his reasoning precludes meaningful review of the finding that Shaw did not satisfy Listing 14.09B. This warrants remand.

By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four

---

[2] *See, e.g.*, Tr. 389 ("Her exam is significant for diffuse joint tenderness . . . most prominent in her left knee."), 479 (joint swelling), 505 (swelling and tenderness in knees), 526 (bilateral swelling in extremities), 1073 (hand pain and swelling), 1076 (tenderness in hands, hips, and knees), 1084 (joint pain, swelling, and tenderness), 1090–92 & 1097 (joint pain and swelling in ankles and knees), 1101 (tenderness in right wrist and hand), 1112 (tenderness in shoulders and hands, swelling in hands), 1595 (ankle swelling), 2404–09 (pain and swelling in hands), 2419 (pain and swelling in hands), 2437–2443 (swollen hands and knees), 2449–54 (pain and swelling in shoulders, elbows, wrists, knees, and ankles).
[3] *See, e.g.*, Tr 1073–74, 1084, 1095, 1117, 1140, 2401, 2404–09, 2422, 2427.
[4] *See, e.g.*, Tr 368, 479, 651, 1083, 1090, 1096, 1100, 1110, 1123, 2126, 2402, 2407, 2427, 2440, 2458, 3015.
[5] *See, e.g.*, Tr 368, 447, 560, 591, 651, 2126, 3015.
[6] *See, e.g.*, Tr 389, 435, 479, 1073–74, 2355, 2404–09, 2427.

5

remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (quoting *Sullivan v. Hudson*, 490 U.S. 877, 892 (1989)).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (DE 13), is **GRANTED**;

2. Defendant's Motion for Summary Judgment, (DE 15), is **DENIED**; and

3. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.

The Clerk is directed to close this case.

**SO ORDERED.**

Signed: June 16, 2022

Robert J. Conrad, Jr.
United States District Judge